**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case No.: 2:06cr164-MEF** |
| ) | |
| **JAMES EDWARD GRIFFIN, JR.** ) | |

**REQUESTED VOIR DIRE**

    **NOW COMES** the Defendant, **JAMES EDWARD GRIFFIN, JR.**, by and through undersigned counsel, Donnie W. Bethel, and requests the Court to ask the attached questions during Voir Dire in this case.

    Dated this 22nd day of November 2006.

                                                           Respectfully submitted,

                                                           s/ Donnie W. Bethel
                                                           DONNIE W. BETHEL
                                                           Assistant Federal Defender
                                                           201 Monroe Street, Suite 407
                                                          Montgomery, Alabama 36104
                                                          Phone: (334) 834-2099
                                                          Fax: (334) 834-0353
                                                          E-mail: don_bethel@fd.org
                                                          IN Bar Code: 14773-49

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN  DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| V. | ) | **CASE NO: 2:06cr164-MEF** |
| | ) | |
| **JAMES EDWARD GRIFFIN, JR.** | ) | |

**REQUESTED VOIR DIRE**

I.  **INSTRUCTIONS TO ENTIRE VENIRE**

This is a criminal case in which the United States Government has brought a charge against Mr. James Griffin, Jr.  Both the Prosecution and Mr. Griffin have a right to have this case tried by qualified, fair and impartial jurors, who are responsible and capable, and who will, without fear, favor, bias, prejudice, sympathy or passion, hear and decide the issues to be tried fairly and objectively, and who will render their verdict based solely on the evidence admitted during the trial and the law applicable to the case as given to the jury by me at the end of the trial.

A juror's qualifications and ability to render a fair and impartial verdict may not be assumed without a series of questions.  This inquiry is known as the Voir Dire Examination.  The purpose of the Voir Dire examination is to develop the whole truth concerning your frame of mind, ability, and competency to do your sworn duty in accordance with the juror's oath.  Your answers to the questions will not only enable me to determine whether any of you should be excused from jury duty, but your answers  will also allow counsel for the parties to make intelligent use of peremptory challenges.  These

challenges are provided by law and allow the parties to excuse jurors without assigning a particular reason.

You should understand that it is expected that your answers to the questions will be complete and truthful.  Each of you is required to disclose any reason or matter that might tend to disqualify you from participating as a juror in this case.  False or misleading answers may result in the seating of a juror who might have been discharged by the court or stricken by a peremptory challenge and could result in a miscarriage of justice.

Although the questions are addressed to you collectively, they should be considered as though directed to each of you individually.

II.     **THE INDICTMENT EXPLAINED**.

This case comes to court based on an Indictment by the Grand Jury.  You must not conclude that Mr. Griffin is guilty based solely on this indictment.  The government has the burden of proving beyond a reasonable doubt that James Griffin has committed the offense charged in the indictment. Mr. Griffin is charged in Count 1 of the indictment with knowingly possessing a firearm after being convicted of a felony offense.  Mr. Griffin has entered a plea of not guilty to the charge in the indictment and has requested a trial by a jury of his peers.

III.    **VOIR DIRE EXAMINATION**

1.      During trial, everyone will need to hear the witnesses, the attorneys and the

Court. With that in mind, if you can hear me clearly, please raise your hand.

2. If any of you cannot read, write, speak or understand the English language, please raise your hand.

3. If any of you cannot see well, please raise your hand.

4. Some jurors indicated on the jury questionnaire that they have health conditions which may interfere with their ability to serve as a juror. If you have any health condition that the court needs to be made aware of, please raise your hand. You may step forward to discuss the matter with the court in private if you so desire.

5. If anyone is taking medication that will affect your ability to concentrate or to sit through a trial, please raise your hand. You may step forward to discuss this matter with the court in private if you so desire.

6. If anyone has been convicted of a felony in state or federal court and not received a pardon, please raise your hand.

7. Are you related by blood or marriage to, or are you personally acquainted with Mr. Griffin?

8. Do you or any member of your immediate family have any connection of any kind with Mr. Griffin?

9. Identify for the jurors the various counsel participating in the case and inquire: Are you related by blood or marriage, or do you know:

        A.     (Have attorney identify other attorneys in his office) The defense attorney appearing in the case or any other attorney in his office.

        B.     (Have all attorneys identified) The United States Attorney and the Assistant United States Attorneys.

10.     To the best of your knowledge, have you or has any member of your immediate family ever been counseled or represented by the United States Attorney or any Assistant United States Attorney or by the defense attorney or members of the defense attorney's firm?

11.     Do any of you recognize a member of this jury panel as a relative, a close friend or an associate of yours? If yes, please state the relationship.

12.     Have you participated in a criminal case:

        A.     As a complainant or a Defendant;

        B.     As a witness for the prosecution or a Defendant; or

        C.     In any other capacity?

13.     Are you now or have you ever served as a law enforcement officer?

14.     Have you ever taken any courses of study in law enforcement or criminal justice?

15.     Is any member of your immediate family or any close personal friend or acquaintance a law enforcement officer?

16.     Are you, any member of your immediate family, or a close personal friend or acquaintance a federal, state or local government official or employee?

        Have you or any of them ever been a government official or employee? In what capacity?

17. Does anyone have any moral, political or religious objection to deliberating on a case that involves firearms?

18. Do you or any member of your immediate family own a firearm? If yes, is the firearm registered? Do you or any member of your immediate family have a permit to carry a firearm?

19. Do you, a member of your immediate family or a close personal friend belong to a gun club or firearm organization such as the National Rifle Association?

20. Do you believe the Second Amendment prohibits the government from interfering in any way with a citizen's right to possess a firearm?

21. Do you support gun control or other laws prohibiting the ownership of firearms?

22. Have you, a member of your immediate family or a close personal friend ever been the victim of a crime? If yes, please describe the circumstances. Was a firearm or weapon used against the person? Was a firearm used to defend the person?

23. It is a guiding principle of the American system of justice that any person accused of a crime is considered innocent until proven guilty beyond a reasonable doubt by a jury of his peers. With this principle in mind, do

each of you understand that an indictment is simply the Government's accusation against Mr. Griffin, and that the indictment is not evidence that he is guilty? If you do not understand this concept, or if you have a any problem with that concept, please raise your hand.

24. I expect that a one or more law enforcement officers will testify in this trial. Would you tend to the believe the testimony of a law enforcement officer more than that of a witness who is not a law enforcement officer?

25. Do you further understand that you cannot draw any inference that Mr. Griffin is guilty of anything merely because the Government has made an accusation against him? Do you understand that Mr. Griffin sits before you presumed innocent of any offense until the Government meets its burden to prove to you Mr. Griffin's guilt beyond a reasonable doubt.

26. If the Government fails to prove that Mr. Griffin is guilty beyond a reasonable doubt, you must find him "not guilty." If, in your own mind, you conclude that the Government has failed to prove that Mr. Griffin is guilty beyond a reasonable doubt, will you be able to vote for a finding of not guilty, even if you are the only juror who has reached that conclusion?

27. This is not a sequestered jury (explain). This trial will require an estimated one to two days to complete. Are there any business, social or personal matters which would so interfere with your concentration during this trial for that period of time that you should not serve as a juror in this case?

28. Can you think of any other matter which you should call to the Court's attention which may have some bearing on your qualifications or competence as a juror?

29. Do you know of any reason, matter or thing that may prevent you from doing your sworn duty to render an impartial verdict based solely upon the evidence presented in this trial and the law as you receive it in the Court's instruction?

30. The attorneys have asked me to make sure that you know that during the course of the trial, people participating in the trial are not allowed to speak to jurors. This includes even polite or casual conversation. Please do not be offended if you see one of the attorneys or witnesses in this case, and he or she does not acknowledge or speak to you. The rules of the Court prevent them from doing so.

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case No.: 2:06cr164-MEF** |
| ) | |
| **JAMES EDWARD GRIFFIN, JR.** ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:   Kent Brunson, Esq., Assistant U. S. Attorney, One Court Square, Suite 201, Montgomery, Alabama  36104.

> Respectfully submitted,
>
> s/ Donnie W. Bethel
> DONNIE W. BETHEL
> Assistant Federal Defender
> 201 Monroe Street, Suite 407
> Montgomery, Alabama 36104
> Phone: (334) 834-2099
> Fax: (334) 834-0353
> E-mail:don_bethel@fd.org
> IN Bar Code: 14773-49